UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-cv-61075-Moreno/Seltzer

MITZY BATISTA,

       Plaintiff,
v.

SOUTH FLORIDA WOMAN'S
HEALTH ASSOCIATES, INC.,
EDWARD D. ECKERT,

       Defendants.
_____/

**PLAINTIFF'S MOTION
FOR ENTRY OF ORDER APPROVING SETTLEMENT,
ENFORCING SETTLEMENT,
FOR LEAVE TO FILE MOTION FOR ATTORNEY'S FEES,
AND INCORPORATED MEMORANDUM OF LAW[1]**

    Plaintiff, Mitzy Batista, ("Olguin") moves the Court to approve the parties' settlement, enforce the parties' settlement, and for leave to file a motion for attorney's fees; in support Plaintiff states the following:

**I.    The Parties' Settlement**

1.    On July 11, 2018, the parties agreed to a settlement. Attached as <u>Exhibit A</u> are the email communications between Defendant Dr. Eckert and the undersigned wherein a settlement was reached.

---

[1] This motion is filed on an expedited basis because the Court's Notice of Court Practice Upon Parties' Notice of Settlement [DE 14] requires that settlement documents be filed with the Court by Noon today, and Defendants' newly-retained counsel advised yesterday afternoon at 4:17 p.m. that unless Plaintiff agreed to settlement terms different from what the parties had previously agreed to, "then we do not have a settlement." *See* <u>Exhibit D</u>.

1

2. The terms of the settlement that were agreed to by the parties are the following:

   a. The parties agree to enter into a mutual general release of all claims.

   b. Defendants agree to pay Plaintiff's unpaid minimum wages and liquidated damages, which total $551.

   c. Defendants agree to pay Plaintiff's costs of $523.

   d. Defendants agree to pay Plaintiff's reasonable attorney's fees, as determined by the Court.

   e. The parties agree to the reservation of the Court's jurisdiction to enforce the terms of this settlement agreement.

   f. In the event this settlement agreement must be enforced, the prevailing party shall be entitled to recover attorney's fees and costs from the non-prevailing party.

   g. All payments shall be delivered to Koz Law, P.A., 320 SE 9th Street, Fort Lauderdale, FL 33316.

Exhibit A, p. 3.

3. Defendant Dr. Eckert was initially ambiguous in his acceptance of the settlement terms, but upon follow-up from Plaintiff's counsel, unambiguously accepted the terms of the settlement:

> From: DR. EDWARD ECKERT <capdex@comcast.net>
> Sent: Wednesday, July 11, 2018 11:45 PM
> To: Elliot Kozolchyk <ekoz@kozlawfirm.com>; eckert r <eckert.r@att.net>
> Subject: RE: Settlement-Confidential and Privileged
>
> **I already confirmed that i agree with your offer.**
>
> Stop spinning this case to increase your fees.
>
> I agree with your offer Elliot, again.
>
> Dr. Eckert

Exhibit A, p. 1 (emphasis added).²

4.	The undersigned subsequently filed the Notice of Settlement [DE 12] on July 12, 2018.

5.	On July 13, 2018, Defendants' counsel, Roslyn Stevenson, called the undersigned gave notice that she had been retained to represent Defendants; she requested that the undersigned send her a draft settlement, and—puzzlingly—asked if the undersigned opposed attending a settlement conference in this case even though the parties had already agreed to a settlement.

6.	Later that day, the undersigned prepared and emailed a proposed settlement agreement consistent with the settlement terms that the parties agreed to on July 11, 2018. See Exhibit B.

7.	After receiving no response from Defendants' counsel, Plaintiff's counsel's office followed up on July 16 at 3:34 p.m. See Exhibit C, p. 3.

8.	On July 17 at 3:24 p.m., Defendants' counsel responded with a lengthy e-mail that was saturated with misrepresentations and false *ad hominem* attacks. See Exhibit C, pp. 1-2. Additionally, in contradiction to prior communications, Defendants' counsel advised for the first time:

> ***"Presently, the parties do not have a settlement, and you should know that."***

Exhibit C, p. 3.

9.	The undersigned responded the next morning explaining that the parties *did*, in fact, agree to a settlement, and recited the settlement terms previously agreed to. See Exhibit C, p. 1.

10.	Unmoved, on July 18 at 4:17 p.m., Defendants' counsel sent an entirely new settlement agreement with terms never previously agreed to; Defendants' counsel explained:

---

² As shown in the e-mails, throughout this litigation, Defendant Dr. Eckert has engaged in *ad hominem* attacks and made false allegations regarding what the undersigned has previously said. Plaintiff's counsel disputes each and every allegation unless expressly acknowledged and agreed to.

> *"I drafted a new one because yours omitted language*
> *that I routinely include in my settlements."*

Exhibit D.

11.     Defendants' counsel then asserted—in no uncertain terms—that any substantive changes would be rejected, and that there would be no settlement unless Plaintiff accepted Defendants' new settlement terms:

> *"If this Agreement is not acceptable, then we do not have a settlement. I am happy to review*
> *your proposed changes, but I doubt that we will have a settlement*
> *if you want substantive changes."*

Exhibit D.

12.     Among many other objectionable terms that were never previously agreed to, Defendants' non-negotiable settlement agreement has a non-mutual release solely in Defendants' favor and not Plaintiff's favor, and dictates Plaintiff's fees *and costs* to total $1,200. Exhibit D, p. 3.  The parties originally agreed to settlement terms with a *mutual* general release, $523 in costs, and the Court to determine reasonable attorney's fees. Exhibit A, p. 3. Plaintiff never agreed to $1,200 as reasonable attorney's fees and costs.

13.     Plaintiff, therefore, moves to enforce the settlement terms agreed to by the parties on July 11, 2018. See Exhibit A.

   **II.     Execution Not Required for Enforceable Settlement**

Execution of a formal settlement agreement is not a requirement to the enforcement of a settlement agreement by courts, but rather, "a procedural formality which both parties to the settlement agreement are obliged to perform". *Boyko v. Ilardi*, 613 So. 2d 103, 104 (Fla. 3d DCA 1996).  In fact, oral settlement agreements, which are governed by the law of contracts, and are often enforced by the courts as well. *See Enriquez v. Williams*, 2:05-CV-238-FTM, 2010 WL 3608463, at *4 (M.D. Fla. Aug. 20, 2010) (motion to compel enforcement of settlement agreement

4

was granted where the parties had orally agreed to settle the case in exchange for $1,000.00); *see also generally Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674, 675, 308 S.E.2d 544 (1983) (oral agreement is enforceable against a client who subsequently challenged their attorney's authority to enter into agreement). Both Plaintiff's and Defendant's "two sets of external signs" on agreement to the material terms of the contract, were mutual and undisputed. *See Blackhawk Heating & Plumbing Co., Inc.*, 302 So.2d at 407. The meeting of the Parties' minds is memorialized in Defendants' counsel's e-mail sent at 1:49 pm on June 12, 2018 and Plaintiff's counsel's confirmation e-mail sent at 2:31 p.m. on June 12, 2018. *See* **Exhibit A**, pp. 11-12.

### III.     The Court's Inherent Power to Enforce Settlement

This Court has the inherent power "to implement a settlement agreement between the parties." *South Beach Suncare, Inc. v. Sea & Ski Corp.*, 1999 WL 350458, *6 (S.D. Fla. May 17, 1999). That power "inheres in the district court's role as supervisor of the litigation, and the exercise of that power is entrusted to the court's sound discretion." *South Beach Suncare, Inc.*, 1999 WL 350458, *6. Moreover, this Court "has jurisdiction to enforce settlement agreements, on motion by counsel, especially when the non-moving party refuses to comply with the agreement before the case been dismissed." *Le Bon Pain, Inc. v. Guyon and Co.*, 720 S. Supp. 983, 984-85 (S.D. Fla. 1989); *see also Kent v. Baker, III*, 815 F.2d 1365, 1398 (11th Cir. 1987)); *Ford v. Citizens and Southern National Bank*, 928 F.2d 1118, 1121 (11th Cir.1991) (discussing the district court's inherent power to enforce settlement agreements); *Reed By and Through Reed v. U.S.*, 717 F. Supp. 1511, 1514 (S.D. Fla. 1988) (concluding that the district court had jurisdiction to determine the enforceability of the settlement agreement because it has inherent authority to "summarily enforce a settlement agreement entered into by litigants while litigation is pending before it."). "This enforcement authority covers not only written but also oral settlement agreements." *Sands v.*

5

*Wagner & Hunt, P.A.*, 09-60557-CIV, 2009 WL 2730469, at *2 (S.D. Fla. Aug. 28, 2009) (citing *Welch v. North Am. Tank Line, Inc.*, 2008 WL 3982394, *2 (M.D. Fla. Aug. 25, 2008).

### IV. The 11th Circuit Favors the Enforcement of Settlement Agreements

The 11th Circuit "favor[s] and encourage[s] settlements in order to conserve judicial resources[,]" settlement agreements are enforced whenever possible. *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir.1994) (emphasis added); *see also Robbie*, 469 So. 2d 1385 ("settlements are highly favored, and will be enforced whenever possible."); *Lanza v. Damian Carpentry, Inc.*, 6 So. 3d 674, 675 (Fla. 1st DCA 2009) (rejecting attempt to repudiate a binding settlement agreement by raising ancillary issues after settlement had taken place).

### V. Settlement Agreements Are Covered Under Florida Contract Law

"A settlement agreement is a contract and, as such, its construction and enforcement are governed by principles of Florida's general contract law." *Schwartz v. Florida Bd. of Regents*, 807 F.2d 901, 905 (11th Cir. 1987) (citing *Wong v. Bailey*, 752 F.2d 619, 621 (11th Cir. 1985)); *see also Specialty Disease Mgt. Services, Inc. v. Aids Healthcare Found.*, 3:01CV1353 J32TEM, 2003 WL 25608009, at *3 (M.D. Fla. Oct. 21, 2003) (holding "[s]ettlement agreements are governed by the law of contracts"). Florida "has consistently held that an objective test is used to determine whether a contract [an in this case a settlement agreement] is enforceable". *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985) (citing *Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Fin. Corp.*, 302 So.2d 404 (Fla.1974)).

Indeed, Florida's objective test considers not whether there was an "agreement of two minds in one intention," but instead focuses on the parties "having said the same thing." *Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Fin. Corp.*, 302 So.2d 404, 407 (Fla. 1974); *Robbie*, 469 So. 2d 1385; *Schwartz*, 807 F.2d at 905 ("The Court's role is to determine the intention of the

6

parties from the language of the agreement, the apparent objects to be accomplished, other provisions in the agreement that cast light on the question, and the circumstances prevailing at the time of the agreement."); *see also St. Lucie County Bank & Trust Co. v. Aylin*, 94 Fla. 528, 114 So. 438 (1927) ("In the construction of written contracts it is the duty of the court, as near as may be, to place itself in the situation of the parties"). To determine whether a contract was entered into, courts apply traditional contract law notions of offer and acceptance. *See Robbie*, 469 So. 2d at 1385 (applying a preponderance of the evidence standard); *Welch v. North Am. Tank Line, Inc.*, 2008 WL 3982394, *2 (M.D. Fla. Aug. 25, 2008).

### VI. Test to Enforce Settlement Agreements

Specifically, under Florida law, "[t]o compel enforcement of a settlement agreement . . . every essential element . . . must be sufficiently specific and mutually agreed upon[.]" *Spiegel v. H. Allen Homes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2003); *see also Giovo v. McDonald*, 791 So.2d 38, 40 (Fla. 2d DCA 2001) (what an "essential term" of a contract is differs according to the circumstances). However, "uncertainty as to nonessential terms . . . will not preclude enforcement of a settlement agreement." *Spiegel v. H. Allen Homes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2003); *see also Bruton v. Carnival Corp.*, 11-21697-CIV, 2012 WL 1627729, at *2 (S.D. Fla. May 2, 2012) (granting Plaintiff's Motion to Compel Settlement where the parties settled the case and executed a Mediation Settlement Agreement and then had disputes with regard to release language).

### VII. The Parties' Settlement is Fair and Reasonable

In the Eleventh Circuit, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *See Lynn's Food Stores, Inc. v. U.S. Department of Labor*, 679 F.2d at 1350 (11th Cir. 1982). To approve the settlement, the court

should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.*; *see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

Defendants operate a medical office and Plaintiff worked as a medical assistant. Defendants failed to pay Plaintiff her last paycheck. As set forth in the July 11 settlement terms agreed to by the parties, Plaintiff is receiving 100% of her unpaid minimum wages, liquidated damages, costs, and the parties agree to the Court determining Plaintiff's counsel's reasonable attorney's fees.

This settlement is fair and reasonable because it fully compensates Plaintiff, and allows the Court to determine Plaintiff's reasonable attorney's fees. It also avoids protracted litigation.

### VIII. The Court's Approval of the Parties' Settlement Renders Plaintiff the Prevailing Party Entitled to Attorney's Fees and Costs

Binding Eleventh Circuit authority holds that the parties' settlement does not render Plaintiff's FLSA claim moot, as would strip Plaintiff of his statutory right to recover attorney fees and costs:

> As we've said, to be entitled to fees under the FLSA, a plaintiff must "receive a judgment in [her] favor." *Dionne,* 667 F.3d at 1205. Here, the district court plainly found that the settlement—which RAM admits included the full amount of back pay as well as an equal amount for liquidated damages—was reasonable, and by doing so, the district court entered a judgment in Wolff's favor. *See Lynn's Food Stores,* 679 F.2d at 1355; *Chmielarz,* 289 F.3d at 1317, 1320. RAM provides us with no reason to depart from *Lynn's,* which directs a district court to enter a judgment after "scrutinizing" for fairness a proposed settlement entered into between the employee and the employer in an action brought for back wages under the FLSA. *Id.* at 1353.

*Wolff v. Royal Am. Mgmt., Inc.*, 545 Fed. Appx. 791, 795 (11th Cir. 2013).

As in *Wolf*, in the present case, the parties have agreed to a settlement wherein Plaintiff will receive the full amount of her claim for minimum wages plus an equal amount as liquidated damages.

WHEREFORE, Plaintiff requests that the Court (1) approve the parties' settlement as fair and reasonable, (2) enforce the parties' settlement, and (3) grant leave to Plaintiff's counsel to submit a motion for attorney's fees pursuant to the terms of the parties' settlement, 29 U.S.C. § 216(b), and Local Rules 7.3(a) and 7.1(c).

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791

## CERTIFICATE OF CONFERRAL

I HEREBY CERTIFY that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

_____
Elliot Kozolchyk, Esq.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on July 19, 2018 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

*[signature]*

_____
Elliot Kozolchyk, Esq.

## SERVICE LIST

Roslyn L. Stevenson, Esq.
*Counsel for Defendants*
Stevenson Law, PL
P.O. Box 800936
Aventura, FL 33280-0936
Tel: (305) 935-9533
Fax: (954) 252-2095
E-mail: roslyn.rlslaw@gmail.com