UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-cv-61075-Moreno/Seltzer

MITZY BATISTA,

        Plaintiff,

v.

SOUTH FLORIDA WOMAN'S
HEALTH ASSOCIATES, INC.,
EDWARD D. ECKERT,

        Defendants.

_____/

**MOTION FOR ATTORNEY'S FEES**

Plaintiff Mitzy Batista, by and through the undersigned counsel, pursuant to Local Rule 7.3(a), 29 U.S.C. 216(b), and the Court's Order Approving Settlement and Dismissing Case [DE 29], hereby files this Motion for Plaintiff's counsel's fees, and in support Plaintiff states the following:

### I.  Introduction

On September 17, 2018, the Court entered its Order Approving Settlement and Dismissing Case [DE 29] ("Order"). That Order granted Plaintiff's Motion for Reconsideration of Plaintiff's Motion to Approve Settlement [DE 28], reserved jurisdiction to determine Plaintiff's attorney's fees, and finally put to rest Defendants' needless protraction of litigation that followed the parties' July 11 agreement, in writing, to settle their case.

Defendants' and their counsel's conduct is material to this Court's determination of Plaintiff's attorney's fees. First, before July 11, Defendants refused to settle, even when confronted

with reasonable settlement offers,[1] merely because Defendants disagreed with the idea of paying Plaintiff's reasonable attorney's fees. Second, even after Defendants finally agreed to settle, their counsel protracted and multiplied the litigation further by (1) denying that the parties had, in fact, agreed to settle their case,[2] and (2) continuing to litigate the case after the parties had agreed settle their case.[3]

The Court should also consider the magnitude of the time and judicial labor wasted by Defendants' counsel's protraction of this litigation during the two months following the parties' settlement. After the parties agreed to an enforceable settlement on July 11, Defendants' counsel's conduct needlessly required the Court to enter Order Denying Plaintiff's Motion for Approve Settlement Agreement [DE 19],[4] Order Granting Motion for Clerk to Appoint Mediator [DE 20], Order Granting Motion for Order Permitting Deposit of Funds in Court Registry [DE 25], Order to Show Cause [DE 26], and Order Approving Settlement and Dismissing Case [DE 29].

---

[1] On July 9, 2018, Plaintiff's counsel made several alternative reasonable settlement offers to bring this case to an immediate end without further litigation including paying Plaintiff's Statement of Claim plus (1) $2,750 in fees and $523 in costs, or (2) allowing the Court to determine reasonable attorney's fees and costs, or (3) $2,000 in fees and $523 in costs. All settlement offers were rebuffed by Defendant Eckert.

[2] **"Presently, the parties do not have a settlement, and you should know that."** Defendants' counsel's July 17, 2018 e-mail sent at 3:24 p.m. DE 18-3, p. 2. **"There is no settlement. Never was. If I file a response, I will request fees."** Defendants' counsel's July 27, 2018 e-mail responding to the undersigned's e-mail conferring on a renewed motion for Court approval of the parties' settlement after the Court previously denied Plaintiff's motion to approve and enforce the parties' settlement and Defendants' counsel subsequently filed Defendants' motion to deposit funds. See Exhibit A.

[3] See "Defendants' Answer and Defense" [DE 17] filed on July 17, 2018, "Defendants' Response in Opposition to Plaintiff's Request for Clerk to Appoint Mediator and Notice to the Court and Notice Regarding Plaintiff's Notice to the Court [DE 10]" [DE 22] filed on July 27, 2018, "Defendants' Response to Plaintiff's Statement of Claim" [DE 23] filed on July 27, 2018, and "Defendants' Motion for Order Permitting Deposit of Funds in Court Registry" [DE 24] filed on July 27, 2018.

[4] The Court granted Plaintiffs' motion for reconsideration of this order at DE 29.

All of Defendants' and their counsel's conduct should be considered when determining Plaintiff's reasonable attorney's fees. Defendants cannot litigate tenaciously and then be heard to complain about the time necessarily spent by Plaintiff in response.[5]

## II. Background

1. On July 9, 2018,[6] Defendant Edward D. Eckert and the undersigned had a telephone conversation to discuss settlement. The settlement offers exchanged during the telephone call were as follows:

   a. Dr. Eckert offered to pay no fees and demanded that Plaintiff pay her own fees.

   b. The undersigned offered to resolve Plaintiff's lawsuit for the value of her Statement of Claim, fees of $2,750, and costs of $523.

   c. Dr. Eckert rejected the offer and, again, offered to pay no fees, and demanded that Plaintiff pay her own fees.

   d. At that point, realizing how unproductive the discussion was becoming, the undersigned offered to settle Plaintiff's lawsuit for the value of her Statement of Claim plus reasonable fees and costs to be determined by the Court.

   e. Dr. Eckert responded: ***"I would rather pay a defense attorney $10,000 than allow a court to determine fees and costs."*** Dr. Eckert made no counteroffer.

   f. Solely in an effort to avoid further litigation and bring this matter to rest, the undersigned then offered to settle Plaintiff's lawsuit for the value of her Statement of Claim plus costs and compromised fees of $2,000.

---

[5] *See City of Riverside v. Rivera*, 477 U.S. 561, 580 n. 11, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986) ("The government cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *Quoting Copeland v. Marshall*, 641 F.2d 880, 904 (1980).).

[6] The undersigned had previously represented that these discussions occurred on July 10, 2018. That was an error; these discussions occurred on July 9.

   g. Dr. Eckert did not accept the offer. Instead, Dr. Eckert said he needed until 12:00 p.m. the following day to consider the offer.

   h. Noon of the following day came and went and Dr. Eckert did not accept the offer.

2. On July 11, 2018, the parties agreed to a settlement in writing via e-mail. DE 18-1, p. 3 contains the parties' settlement terms, and Defendants' acceptance of those settlement terms.

3. On July 13, 2018, Defendants' counsel, Roslyn L. Stevenson, Esq., called the undersigned to inform him that she had been retained by Defendants, and requested that the undersigned draft the parties' settlement agreement for her review.[7]

4. Defendants' counsel did not respond to the undersigned's e-mail for four days.

5. On July 17, 2018—despite previously acknowledging the parties' settlement during the July 13 telephone call and requesting that the undersigned send an initial draft of the settlement agreement, which the undersigned did that same day, July 13—Defendants' counsel sent a lengthy, hostile email saturated with misrepresentations.[8] Among the many false statements contained in Defendants' counsel's July 17 e-mail sent at 3:24 p.m., the most relevant here is Defendants' counsel's denial that the parties had agreed to a settlement: **"Presently, the parties do not have a settlement, and you should know that."**[9]

6. Defendants' counsel's denial of the parties' previously-agreed settlement required the undersigned to file Plaintiff's motion to enforce and approve settlement (DE 18).

7. Defendants' counsel then sought to have Plaintiff's case dismissed without paying any attorney's fees or costs by moving the Court to deposit funds into the Court registry. The amount

---

[7] The undersigned memorialized this telephone conversation in an e-mail dated the same day, July 13, 2018. *See* DE 18-3, pp. 3-4. Before July 13, the undersigned's communications with Defendants—including those that settled this case—had been directly with Defendant Eckert.
[8] See DE 18-3, pp. 1-2.
[9] DE 18-3, p. 2.

Defendants sought to deposit was *less than* the amount Defendants agreed to pay Plaintiff as part of the parties' July 11 settlement. In response to Defendants' motion, the Court entered its Order to Show Cause [DE 26] why Plaintiff's case should not be dismissed.

8. The applicable fee agreement provides that Plaintiff's counsel shall be entitled to reimbursement of costs plus the time expended on the case multiplied by $350.00 per hour.[10]

9. Plaintiff has incurred $10,675.00 in attorney's fees litigating this action.

10. Plaintiff's counsel's itemized attorney's fees are attached as Exhibit B.

11. Again, all of Defendants' and their counsel's conduct should be considered when determining Plaintiff's reasonable attorney's fees. Defendants cannot litigate tenaciously and then be heard to complain about the time necessarily spent by Plaintiff in response.[11]

### III. Memorandum of Law

Plaintiff's entitlement to attorney's fees derives both from the terms of the parties' settlement, which explicitly provides for Plaintiff's entitlement to attorney's fees as determined by

---

[10] Plaintiff's counsel is sole shareholder of Koz Law, P.A. and has been practicing in the area of employment law since 2009. Plaintiff's counsel's hourly rate of $350 has previously been awarded $350 per hour by several courts including *Rowett v. Wish Wash 2 LLC et al*, Case No. 16-cv-81904-Marra/Matthewman, DE 102, p. 6 (S.D. Fla. Sep. 20, 2018) ("[T]he undersigned independently finds that an hourly rate of $350 is reasonable in this case."); *Mendez v. Model Row Inc. et al*, Case No. 17-81104-Rosenberg/Reinhart, DE 33, p. 4 (S.D. Fla. Aug. 10, 2018) ("[B]ased on the Court's familiarity with the rates customarily charged by local FLSA attorneys and approved by courts in this district, the Court finds that Mr. Kozolchyk's hourly rate of $350.00 is reasonable."); *Bernal v. Cuprys And Associates Attorneys At Law Corp et al*, Case No. 17-22866-Cooke/Goodman, D.E. 27 at p. 6 (S.D. Fla. June 19, 2018); *Brown et al v. Tri-County Lumping Service, Inc. et al*, Case No. 16-21944-Altonaga/O'Sullivan, D.E. 119 at p. 6 (S.D. Fla. Nov. 30, 2017); in Report and Recommendation, *Morais v. Rhino Holdings One Inc et al*, Case No. 17-80001-Rosenberg/Hopkins at D.E. 35 (June 2, 2017); Order, *Drescher v. SWM Unlock Corporation et al*, Case No. 17-60412-Gayles/Turnoff at D.E. 15 (May 30, 2017); Final Default Judgment, *Beeler v. F L T Logistics LLC et al*, Case No. 16-cv-23814-Ungaro/Otazo-Reyes at D.E. 14 (November 17, 2016).

[11] *See City of Riverside v. Rivera*, 477 U.S. 561, 580 n. 11, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986) ("The government cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." Quoting *Copeland v. Marshall*, 641 F.2d 880, 904 (1980).).

the Court, but also from Plaintiff's status as the prevailing party under the Fair Labor Standards Act, 29 U.S.C. § 216(b). In *Wolff v. Royal Am. Mgmt., Inc.*, 545 Fed. Appx. 791 (11th Cir. 2013), the Eleventh Circuit held that the Court's approval of the parties' settlement renders Plaintiff the prevailing party entitled to attorney's fees.

In determining appropriate fees, the court is guided by the 12 factors set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974), and approved in *Blanchard v. Bergeron,* 489 U.S. 87, 91-92, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989). These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

In the case of *Norelus v. Denny's, Inc.*, 628 F.3d 1270 (11th Cir. 2010), the Eleventh Circuit noted that fees for litigating fees are recoverable:

> Like other courts, we have allowed parties to recover the cost of establishing their right to, and the amount of attorney's fees—the right to fees-on-fees. *See, e.g., Jackson v. State Bd. of Pardons & Paroles,* 331 F.3d 790, 798–99 (11th Cir. 2003) (holding "that fees-on-fees are recoverable under" the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997(e)(d)(1)(A)); *Jean v. Nelson,* 863 F.2d 759, 780 (11th Cir. 1988) (holding "that the United States may not oppose a 'fees for fees' request [under the Equal Access to Justice Act, 28 U.S.C. § 2412,] solely on the ground that its position in the fee litigation was substantially justified"); *Jonas v. Stack,* 758 F.2d 567, 568 (11th Cir. 1985) ("[A] prevailing party's counsel is entitled to reasonable compensation when he litigates his own claim for entitlement to § 1988 fees.").

*Id.* at 1301.

WHEREFORE, Plaintiff Mitzy Batista respectfully requests that the Court enter an Order awarding $10,675.00 in attorney's fees.

Dated:  September 20, 2018

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:     (786) 358-6071
Email: ekoz@kozlawfirm.com

*/s/ Elliot A. Kozolchyk*

Elliot Kozolchyk, Esq.
Bar No.: 74791

## VERIFICATION OF COUNSEL

Under penalties of perjury, I declare that I have read the foregoing Motion for Attorney's Fees and that the facts stated in it are true to the best of my knowledge and belief.

*/s/ Elliot A. Kozolchyk*

Elliot Kozolchyk, Esq.

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on September 20, 2018 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

_____
Elliot Kozolchyk, Esq.

**SERVICE LIST**

Roslyn L. Stevenson, Esq.
*Counsel for Defendants*
Stevenson Law, PL
P.O. Box 800936
Aventura, FL 33280-0936
Tel: (305) 935-9533
Fax: (954) 252-2095
E-mail: roslyn.rlslaw@gmail.com