UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61075-CIV-MORENO/SELTZER

MITZY BATISTA,

       Plaintiff,

v.

SOUTH FLORIDA WOMAN'S
HEALTH ASSOCIATES, INC.,
EDWARD D. ECKERT

       Defendants,
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Motion for Attorney's Fees ("Motion") (DE 30) filed by Plaintiff Mitzy Batista, in which she seeks a fee award of more than ten thousand dollars. The Motion was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida (DE 31).

Arguing that this is a case that involved nothing more than a lost paycheck in the amount of $479.03 that "could have and should have been settled immediately with one telephone call," Defendants characterize the fee demand as "absurd," and they assert that "[t]he plaintiff's counsel is not entitled to any fees at all." Response at 1-3 (DE 32). The undersigned agrees. This was a prototypical "nuisance suit" for which an award of fees would be unreasonable and unjust. For the reasons set forth more fully below, the undersigned RECOMMENDS that the Motion (DE 30) be DENIED.

I.     PROCEDURAL HISTORY/FACTS

On May 13, 2018, Mitzy Batista ("Plaintiff") brought this action against her former employers, South Florida Woman's Health Associates, Inc. and Edward D. Eckert ("Defendants"), under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., seeking to recover unpaid wages earned during her brief employment, plus liquidated damages, attorney's fees, and costs (DE 1).  Plaintiff claimed unpaid wages of $275.50 and liquidated damages in the same amount for a total of $551, covering the pay period January 21, 2018, through February 3, 2018 (DE 1-3).  The pay date for that period was February 8, 2018.

According to Defendant Eckert, on February 8, 2018, a paycheck in the amount of $479.03 was mailed to Plaintiff at her last known address: 5581 N. Winston Park, Coconut Creek, FL 33073 (DE 23-1, DE 35-1, DE 36-2).  Based on Defendants' records, they paid Plaintiff for 37.72 hours of work at the rate of $15 per hour; gross wages for the pay period, therefore, totaled $565.80 (DE 23-1).

Plaintiff had no contact with Defendant Eckert or anyone on his behalf following her termination.  Defendant Eckert first became aware that Plaintiff was claiming unpaid wages after she filed the (May 13, 2018) Complaint.  In response, on May 25, 2018, Defendant Eckert sent the following e-mail to Plaintiff's counsel:

> I was informed that your client has filed an action against our company and me personally about a claim for wages in the amount of $551.  Please note that a final check in the amount of $479.03 was sent to her last known address dated Feb. 8, 2018.  She did call the day she was asked to leave our office

> and demanded a check.[1] We did explain to her we would cut her a check with all other employees' checks. We had not heard from her since and assumed all was well. We searched our bank records and found that she did not cash the check. (No. 17869)
>
> We have been in business for 32 years and never had any issue with any employee concerning these issues. We of course would be able to recut her a check for the amount owed and send it to you to clear up this misunderstanding.
>
> We do not understand why she did not tell us she never received her check. It is baffling and unnecessary.

(DE 35-1 at 25, DE 36-2).

The next communication appearing in the record occurred on June 13, 2018. On that date, attorney Ross S. Eckert sent an email on behalf of Defendants to Plaintiff's counsel. Attorney Eckert restated that the case could easily be resolved by payment of the amount requested – $551. Plaintiff's counsel responded that his client wanted to settle the case, and attorney Eckert replied that he would provide Defendant Eckert the phone number of Plaintiff's counsel so that the matter could be resolved. Plaintiff's counsel responded that he was outside the country (DE 36-3, DE 36-4).

Later on June 13, 2018, Defendant Eckert sent an e-mail to Plaintiff's counsel, once again offering to pay the entire amount claimed by Plaintiff, as well as any costs (DE 35-1 at 20-21). Plaintiff's counsel, however, did not respond. Therefore, on June 18, 2018, Defendant Eckert personally filed a response to the Complaint (DE 6). On June 27, 2018, the Court entered an order requiring the corporate defendant to obtain counsel (DE 7).

On July 9, 2018, Plaintiff's counsel sent an e-mail to Defendant Eckert refusing to

---

[1] The undersigned notes that the precise date of Plaintiff's termination is not apparent from the record.

3

settle the case without payment of his attorney's fees (DE 36-6). Beginning on July 10, 2018, e-mails were exchanged between Defendant Eckert and Plaintiff's counsel concerning the fee issue and the additional expense to Defendant Eckert to hire an attorney. On July 11, 2018, Defendant Eckert sent an e-mail stating that he was willing to pay a fee of $1,100. He observed that although the fee demand had been reduced from $3,200[2] to $2,000, he viewed both amounts as extortion (DE 35-1 at 16-17).[3] Additional settlement discussions ensued, which are summarized in various filings, but the controversy throughout centered on fees for Plaintiff's counsel.

On July 17, 2018, attorney Roslyn L. Stevenson filed a Notice of Appearance and Defendants' Answer and Defense on behalf of Defendant Eckert and South Florida Woman's Health Associates, Inc. (DE 16, DE 17). The Answer and Defense restated the facts contained in Defendant Eckert's May 25, 2018 email and added the following:

> Upon information and belief, this check has not been returned by the plaintiff. The envelope transmitting the check has not been returned to defendants. The plaintiff failed to directly notify the defendants that she did not receive a check. Had she done so, a replacement check immediately would have been provided to her in accordance with defendants' normal payroll processing schedule. Instead, the defendants were served with this lawsuit. Immediately, the defendants offered to provide a replacement check to the plaintiff and continue to do so. And yet, this matter is not settled. The plaintiff's counsel has filed extremely misleading documents against the defendants and he has demanded an exorbitant fee to dismiss

---

[2] Plaintiff's counsel represents that his fee demand to settle the matter was not $3,200, but $2,750 (DE 28 at 5 n.3).

[3] According to CM/ECF, the litigation was at its very initial stage as of July 11, 2018. Plaintiff's counsel had only filed a (3-page) Complaint (DE 1), a (quarter-page) Statement of Claim (and 1-sentence cover sheet) (DE 5, DE 5-1), and a (1-paragraph) Request to Clerk to Appoint a Mediator (DE 10).

> the case.
>
> If ever a frivolous lawsuit was filed, and continues to litigate along, wasting the Court's time and resources, this is it. The defendants want to issue a replacement check to the plaintiff and have the case dismissed with prejuiced (sic) as soon as possible.

(DE 17 at 2-3).

Significantly, nothing in the record contravenes the factual allegations contained in Dr. Eckert's May 25, 2018 e-mail, in his subsequent e-mails, or in attorney Stevenson's Answer and Defense. Defendants' records show that they timely issued Plaintiff's paycheck and withheld and paid the proper taxes (DE 23-1, DE 23-2). And there is no evidence in this record to rebut Defendant Eckert's representations that Plaintiff's check was mailed to the address she had furnished. Had Plaintiff's counsel or his client simply inquired of Defendant Eckert as to the status of the check, prior to filing suit, the matter would have promptly been resolved and this litigation would not have been necessary. And by May 25, 2018 – just 12 days after filing the Complaint – Plaintiff's counsel was aware that, at most, a mistake had occurred, which could easily be rectified. From that date forward, both Plaintiff's counsel and his client knew that Defendants were willing to issue a new check; the only obstacle to resolution throughout was the fee demand of Plaintiff's counsel.

On July 12, 2018, Plaintiff's counsel filed a Notice of Settlement (DE 12). The settlement was contested by Defendants, and additional motions were filed. On August 21, 2018, Defendants' counsel tendered $479.03 into the registry of the Court (DE 27). Ultimately, the settlement was formalized when, on September 17, 2018, the Court entered an Order (DE 29) granting Plaintiff's Motion for Reconsideration of Plaintiff's Motion to

Approve Settlement (DE 28).  The issue of Plaintiff's attorney's fees was reserved, and Plaintiff was directed to file the instant Motion (DE 29).  Plaintiff filed her Motion on September 20, 2018 (DE 30).  The District Judge referred the Motion to the undersigned for a Report and Recommendation on October 1, 2018 (DE 31).  Defendants' responded to the Motion on October 4, 2018 (DE 32), and Plaintiff replied thereto on October 11, 2018 (DE 33).

The Motion (DE 30), therefore, is now ripe for review.

II.   THE MOTION

The Order Approving Settlement and Dismissing Case (DE 29) contemplated a motion seeking an award of attorney's fees (DE 29).  Plaintiff followed by filing the instant Motion, seeking fees of $10,675 based on 30.5 hours of work at rate of $350 per hour (DE 30, 30-2).

Despite the statutory requirement that attorney's fees be awarded to prevailing plaintiffs in FLSA cases, courts recognize "special circumstances" that can render an award of attorney's fees unjust, and so-called nuisance settlements present such a circumstance.  See Tyler v. Corner Construction Corp., 167 F.3d 1202, 1206 (8th Cir.1999) ("But a so-called nuisance settlement, we think, is not entered into after the usual economic calculation: It is one that is accepted despite the fact that the case against the defendant is frivolous or groundless, solely in an effort to avoid the expense of litigation.").

Relying in part upon the "special circumstances" analysis in Tyler, the court in Goss v. Killian Oaks House of Learning, 248 F. Supp. 2d 1162, 1168 (S.D. Fla. 2003) (Moreno, D.J.), denied all attorney's fees in an FLSA case involving meager damages that could have easily been resolved by making a few phone calls pre-suit.  Id. at 1168 (stating that

"nuisance settlements represent such a [special] circumstance" and describing "[t]he instant case" as "such a special circumstance"). In Goss, after the filing of the complaint, the defendants tendered full payment of the amount of unpaid wages and overtime claimed in the complaint, $315.89. Id. at 1165. Despite this, the plaintiff continued to litigate the case for several more months, billing an additional 23.3 hours after full payment had been tendered by defendants. Id. at 1168. While recognizing that the FLSA provides for the mandatory award of attorney's fees, the Goss court noted that "an entitlement to attorney's fees cannot be a carte blanche license for Plaintiffs to outrageously and in bad faith run up attorney fees without any threat of sanction." Id. (citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 416 n.5 (1978)). The court went on to find that the payment of $315.89 was nothing more than a nuisance settlement made to avoid the expense of litigation and that defense counsel had tried numerous times to resolve the matter. Goss, 248 F. Supp. 2d at 1168. Recognizing that the case likely could have been resolved by a simple pre-suit phone call, the court found that plaintiff was not entitled to any attorney's fees because it appeared that every action by plaintiff's counsel was "calculated to avoid prompt out-of-court resolution that would have kept the costs of litigation down to a reasonable amount." Id. at 1169. The court added: "This strategy of 'shaking down' Defendants with nightmarishly expensive litigation solely in pursuit of attorney's fees must not be rewarded." Id. Accordingly, the Goss court concluded that it was unreasonable and unjust to award any fees to the plaintiff: "If the award of any amount of attorney's fees in this case is not flatly unreasonable, then the Court struggles to envision a scenario of reasonability". Id.

Very recently, another court in this District concluded on similar facts involving an

FLSA plaintiff that it was "unreasonable, unjust, and inequitable to award . . . any fees." Nelson v. Kobi Karp Architecture & Interior Design, Inc., 2018 WL 3059980, at *2 (S.D. Fla. May 8, 2018) (Seitz, D.J.). Nelson involved an FLSA claim that had been settled for $129.62 in unpaid wages and an equal amount in liquidated damages, in which Plaintiff's counsel had sought attorney's fees of $9,065. The similarities between the Nelson litigation and the instant (Batista) litigation are several. First, counsel for Nelson is also counsel for Batista. Second, as occurred in this instant action, the Nelson court noted that prior to filing suit "neither Plaintiff or her counsel attempted to reach out to Defendants to resolve [the] matter." Id. at *1. Third, much like the defense attempted in the instant case, after the complaint was filed "defense counsel learned of the suit and emailed Plaintiff's counsel in an attempt to resolve the matter, specifically noting that 'we aren't talking about enough money to fight over this matter.'" Id. This email in Nelson resulted in a settlement demand of $3,828.60, which included $305.60 in damages and $3,000 in attorney's fees; the fee demand in the instant action was either $3,200 or $2,750. In Nelson, a counteroffer was made and ultimately the defendant tendered two checks, which exceeded the amount in the Statement of Claim. Defendants in the instant action deposited an amount ($479.03) into the registry of the Court that equaled the original paycheck that had been sent to Plaintiff's address. In Nelson, the plaintiff's counsel accepted the checks but continued to dispute the amount of fees and to litigate the case. The case proceeded to a settlement conference, at which the parties agreed that the plaintiff was not owed any more money, but they continued to dispute the fees. Nelson's counsel, as the prevailing party under the FLSA, then sought an attorney's fee award of $9,065 for 25.8 hours of work at the rate of $350 per hour. Here, having reached a settlement as to damages, and

as the prevailing party under the FLSA, Batista's counsel is seeking an attorney's fee award of $10,675 for 30.5 hours of work at the rate of $350 per hour (DE 30, DE 30-2).

In <u>Nelson</u>, the defendant argued, <u>inter alia</u>, that on these facts it would be unreasonable and unjust to reward the plaintiff with an award of attorney's fees. The <u>Nelson</u> court agreed with the defendant that while the FLSA provides for the award of a reasonable fee, there are cases where "a reasonable fee is no fee." <u>Id</u>. at *2 (citing <u>Sahyers v. Prugh, Holliday & Karatinos</u>, 560 F.3d 1241 (11th Cir. 2009) (finding that the district court did not abuse its discretion by denying attorneys' fees to a prevailing FLSA plaintiff, in part, because at no time before filing suit did plaintiff's counsel attempt to resolve the matter)). The <u>Nelson</u> court proceeded to reference the "special circumstances" cited in <u>Goss</u> that can make an award of attorney's fees unjust, including nuisance settlements. And <u>Nelson</u> observed that the facts in both cases were "remarkably similar." <u>Id</u>. at 3. Then, in declining to award any fees to the plaintiff's counsel, the court concluded:

> Based on these facts, it appears that Plaintiff's counsel's sole intent, after receiving the checks with the October 24, 2017 letter from defense counsel, was to run up his bill. Under these circumstances, the Court finds it unreasonable, unjust, and inequitable to award Plaintiff any fees.

<u>Id.</u> at *3.

The undersigned finds the reasoning of <u>Goss</u> and <u>Nelson</u> persuasive and, further, finds great similarity in the actions of counsel for the plaintiffs in all three cases; as noted, the same counsel that represented Nelson now represents Batista (in the instant action). In all three cases, the amounts sought were similarly small, and the cases could likely have been resolved by a pre-suit telephone call, email or letter; yet, in none of the cases did counsel for any of the plaintiffs attempt to contact the prospective defendant to resolve the

matter short of litigation. Furthermore, in all three cases, after suit was filed and the defendants made reasonable efforts to resolve the matter, counsel for the plaintiffs rebuffed these reasonable efforts.

More specifically, in the instant matter, Plaintiff's counsel made no effort to contact Defendants before filing suit. Had he done so, he would have discovered that Defendants had actually sent to his client's address the paycheck she was owed and, further, that they were willing to immediately cut another check. Moreover, once Defendant Eckert learned that Plaintiff had filed suit, he made every effort to resolve the matter, including offering to cut a new check and to pay the costs of the suit. However, Defendant Eckert's overtures were rebuffed by the fee demands of Plaintiff's counsel.

The undersigned concludes that Plaintiff's fee demands were excessive relative to the minimal work that would have been required to resolve the matter and make his client whole. At all times this case has involved a lost paycheck – nothing more. First and foremost, Plaintiff and/or her counsel could have resolved this matter simply by placing a brief telephone call to Defendants and without the need to file suit. The fact that the FLSA does not impose a pre-filing notice requirement does not absolve counsel of his obligation as an officer of the court to avoid unnecessary litigation. See Sahyers v. Prugh, Holliday & Karatinos, P.L., 2008 WL 9396456, at *2 (M.D. Fla. 2008) (reminding counsel in FLSA case that a lawyer is an officer of the court and that "[t]his court will not permit lawyers to file unnecessary litigation"), aff'd, 560 F.3d 1241, 1245 (11th Cir. 2009) (stating that "[t]he district court's inherent powers support its decision here"). This failure by Plaintiff's counsel denied Defendants the opportunity to voluntarily resolve the matter outside of litigation and, furthermore, subjected them to additional litigation expenses and attorney's fees despite

their good faith effort to compensate Plaintiff. See Sahyers, 2008 WL 9396456, at *2. Furthermore, this failure by Plaintiff's counsel resulted in an expenditure of judicial time and resources on litigation that was entirely unnecessary. See Sahyers, 560 F.3d at 1245 (stating, in affirming district court's denial of fees in FLSA case, that "[a]s the district court saw it, this conscious disregard for lawyer-to-lawyer collegiality and civility caused (among other things) the judiciary to waste significant time and resources on unnecessary litigation and stood in stark contrast to the behavior expected of an officer of the court. The district court refused to reward—and thereby to encourage—uncivil conduct by awarding Plaintiff attorney's fees or costs.").

Second, even after filing suit – thereby putting Defendants (who the record shows had timely mailed Plaintiff her full paycheck) to the additional expense of hiring counsel – Plaintiff's fee demands were excessive relative to the minimal work counsel had genuinely invested in the case. As of July 11, 2018, Plaintiff's counsel had demanded fees of either $3,200 or $2,750 to settle the matter. Yet, CM/ECF shows that as of that date counsel had only filed a (3-page) Complaint (DE 1), a (quarter-page) Statement of Claim (with 1-sentence cover sheet) (DE 5, DE 5-1), and a (1-paragraph) Request to Clerk to Appoint a Mediator (DE 10). Indeed, CM/ECF reflects that as of Defendant Eckert's May 25, 2018 email, which offered to cut a new check to immediately resolve the matter, Plaintiff's counsel had only filed a 3-page Complaint; yet, counsel did not accept the offer. Plaintiff's counsel now comes before this Court asking for a fee award of $10,675. The undersigned concurs with the conclusion reached by the Nelson court under like circumstances: it would be "unreasonable, unjust, and inequitable to award Plaintiff any fees" in these circumstances. 2018 WL 3059980, at *2; accord Goss, 248 F. Supp. 2d at 1168-69.

III.     CONCLUSION

For the foregoing reasons, the undersigned concludes that this RECOMMENDS that Plaintiff be awarded no attorney's fees and that the Motion for Attorney's Fees (DE 30) filed by Plaintiff Mitzy Batista be DENIED.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED in Chambers, Fort Lauderdale, Florida, this 13th day of November 2018.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

Honorable Federico A. Moreno
United States District Judge

All counsel of record